UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT HOLMES III,                )
                                  )
        Plaintiff,             )   Case No. 2:15-cv-01123-RFB-GWF
                                  )
vs.                               )   **ORDER**
                                  )
OCWEN LOAN SERVICES,              )
                                  )
        Defendant.             )
                                  )

      This matter is before the Court on Plaintiff's Application for Leave to Proceed *in forma paupers* (#1), filed on June 15, 2015.

**BACKGROUND**

      Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Ocwen Loan Services improperly foreclosed on Plaintiff's house and violated his Constitutional rights found in the Takings Clause of the 5th Amendment, the Due Process Clause of the 14th Amendment, and the Equal Protection Clause of the 14th Amendment. Plaintiff seeks general and compensatory relief.

**DISCUSSION**

I.    **Application to Proceed In Forma Pauperis**

      Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

. . .

. . .

## II.     Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a party who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law.  See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not

suffice. *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007).  This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### III.   Instant Complaint

Plaintiff alleges that Defendant's actions surrounding the foreclosure of Plaintiff's house constitutes an unlawful taking under the 5th Amendment of the United States Constitution.  Plaintiff further asserts that the foreclosure occurred without the due process promised by the 14th Amendment.

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).  In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).  A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

§ 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999).  Even involving cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997).  Only where "there is a sufficiently close nexus between the State and the

challenged action of the regulated entity" will the Court allow a defendant to be subjected to a §1983 claim. *Id.* A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement." *Id.*, *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978). The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

  Plaintiff alleges that Defendant violated his 5th and 14th amendment rights by foreclosing on his property, and brings his complaint under the auspices of § 1983. Plaintiff fails to establish the basic elements needed to successfully posit a claim under § 1983. First, Plaintiff fails to state that Defendant's actions were the result of a government policy. Second, Defendant operates as a loan service, and not in any way as a government actor. Furthermore, there is no connection between the State of Nevada and Defendant, other than the fact that Defendant is required to operate in accordance with state laws and regulations. Plaintiff has not pled sufficient facts to state a claim under § 1983. However, the Court cannot state with certainty that Plaintiff could never state a proper claim against Defendant. Therefore, Plaintiff's Complaint will be dismissed with leave to amend.

  If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

. . .

. . .

     **IT IS HEREBY ORDERED** that Plaintiff's Application for Leave to Proceed *in forma paupers* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

     **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

     **IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **November 5, 2015** to file an amended complaint correcting the noted deficiencies.

     **DATED** this 5th day of October, 2015.

                                             GEORGE FOLEY, JR.
                                             United States Magistrate Judge