# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT HOLMES III,

        Plaintiff,

vs.

OCWEN LOAN SERVICES,

        Defendant.

Case No. 2:15-cv-01123-RFB-GWF

**REPORT AND RECOMMENDATION**

This matter is before the Court on the screening of Plaintiff's Amended Complaint (#4), filed on November 5, 2015. Plaintiff's request to proceed *in forma pauperis* was previously granted on October 5, 2015. *See Order (#3)*.

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Ocwen Loan Services improperly foreclosed on Plaintiff's house and violated his Constitutional rights found in the Takings Clause of the 5th Amendment, the Due Process Clause of the 14th Amendment, and the Equal Protection Clause of the 14th Amendment. Plaintiff seeks general and compensatory relief.

## DISCUSSION

**I.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a party who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a

claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Instant Complaint

42 U.S.C. § 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989).  In order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).  A person acts under "color of law" if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49.

§ 1983 does not reach private conduct, regardless of how discriminatory or wrongful it may be. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999).  Even in cases where there is extensive state funding and regulation of a private activity, "the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *see also Rendell-Baker,* 457 U.S. 830 at 842-43; *Morse v. North Coast Opportunities,* 118 F.3 1338, 1340-41 (9th Cir. 1997).  Only where "there is a sufficiently close nexus between the State and the challenged action of the regulated entity" will the Court allow a defendant to be subjected to a

§1983 claim.  *Id.*  A "close nexus" exists only where the State has "exercised coercive power or has provided such significant encouragement."  *Id.*; *see also Flag Bros. Inc. v. Brooks,* 436 U.S. 149, 156 (1978).  The Ninth Circuit has established a two part test to establish whether or not an alleged infringement of federal rights is fairly attributable to the government: "1) the deprivation must result from a government policy, and 2) the party charged with the deprivation must be a person who may fairly be said to be a government actor."  *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999).

       Plaintiff alleges that Defendant violated his 5th and 14th amendment rights by foreclosing on his property, and brings his complaint under the auspices of § 1983.  Plaintiff's original complaint was dismissed because Plaintiff failed to establish the basic elements needed to successfully posit a claim under § 1983.  Plaintiff's First Amended Complaint suffers from the same deficiencies.  First, Plaintiff fails to state that Defendant's actions were the result of a government policy.  Second, Defendant operates as a loan service, and is not in any way a government actor.  Furthermore, there is no connection between the State of Nevada and Defendant, other than the fact that Defendant is required to operate in accordance with state laws and regulations.  Plaintiff has not pled sufficient facts to state a claim under § 1983.  Under the facts presented in Plaintiff's First Amended Complaint, the Court finds that Plaintiff will be unable to successfully state a proper claim against Defendant.  Therefore, the Court will recommend that Plaintiff's First Amended Complaint be dismissed with prejudice.  Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **dismissed** with prejudice for failure to state a claim upon which relief can be granted.  It is clear from the face of the complaint that Plaintiff will be unable to cure the noted deficiencies.  *See Cato,* 70 F.3d at 1106.

## NOTICE

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  Failure to file objections within the specified time or failure to properly address and brief

1  the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
2  issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991);
3  *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
4        DATED this 6th day of April, 2016.

                                                GEORGE FOLEY, JR.
                                                United States Magistrate Judge